The Honorable Stanley A. Bastian

Matthew T. Macklin, WSBA 57867
Stratagem Law Group, PLLC
720 Seneca Street, Suite 107 PMB 7
Seattle, WA 98101
253.313.2284– Voice
mtm@stratagemlawgroup.com
Attorney for Plaintiff

UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| **STEPHANIE R. RASKIN**, an unmarried individual,<br><br>  Plaintiff,<br><br>vs.<br><br>**NORTHEAST WASHINGTON ALLIANCE COUNSELING SERVICES**, a Steven's County, Washington agency; **STEVENS COUNTY**, a Washington state county; **MARTHA FAIRLEY,** Supervisor, Northeast Washington Alliance Counseling Services; **DAVID NIELSEN, Ph.D.**, Executive Director, Northeast Washington Alliance Counseling Services,<br><br>  Defendants. | NO. 22:22-cv-232-SAB<br><br>**PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT AND AMEND CAPTION**<br><br>Hearing Date<br><br>*Without Oral Argument* |

Pursuant to Federal Rule of Civil Procedure 15(a)(2), Plaintiff respectfully requests this Court's leave to amend their complaint. The proposed revisions modify the title, add and remove claims, and include significant changes in facts related to the argument due to

PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT - 1

Matthew T. Macklin
Stratagem Law Group, PLLC
720 Seneca Street
Suite 107 PMB 7
Seattle, WA 98101
253.313.2284– Voice
mtm@stratagemlawgroup.com



information, facts, and evidence obtained during the discovery process, the most recent of which is the Deposition of Roberta Brozik on August 23, 2023.

## I. INTRODUCTION

This case was originally filed in state court and subsequently removed to this Court by the Defendants. Since that time, discovery has revealed new and significant information that necessitates an amendment of the initial complaint to present an accurate representation of the Plaintiff's claims and to recaption the case according to the current active parties.

## II. **II. BACKGROUND**

Plaintiff initiated this case in September 2022 in state court. Defendants subsequently removed the case to this federal court. Since the commencement of the case, a discovery process has been underway. Discovery has involved the depositions of Defendants Martha Fairly and David Neilson, which took place on May 25th and 26th, 2023, respectively.

Moreover, a deposition of Roberta Broznik was conducted on August 23, 2023. Ms. Broznik holds the position of HR specialist for Defendant Northeast Washington Alliance Counseling Services (NEWACS) and was serving in this capacity during the period relevant to Plaintiff's claims. Her deposition has provided significant information and insights pertinent to the case.

In addition to the depositions, the Defendants have produced discovery documents that support the Plaintiff's claims and provide additional relevant facts. These documents contribute to a more comprehensive understanding of the case circumstances and significantly underscore the seriousness of the Plaintiff's claims.

In light of the cumulative evidence obtained from the discovery process, including the depositions and the discovery documents, the Plaintiff now files this motion to amend the complaint, aiming to ensure that the complaint accurately represents the facts and claims

PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT - 2

Matthew T. Macklin
Stratagem Law Group, PLLC
720 Seneca Street
Suite 107 PMB 7
Seattle, WA 98101
253.313.2284– Voice
mtm@stratagemlawgroup.com



based on the newly discovered information.

### III. **III. LEGAL STANDARD**

Under Federal Rule of Civil Procedure 15(a)(2), parties are granted leave to amend their pleadings when "justice so requires." The U.S. Court of Appeals for the Ninth Circuit has repeatedly instructed district courts to grant leave to amend even if no request to amend the pleading was made, unless the pleading could not possibly be cured by the allegation of other facts. The standard for granting leave to amend is generous—the court should freely give leave when justice so requires. Fed. R. Civ. P. 15(a)(2).

In determining whether leave to amend is appropriate, a court must consider the following five factors: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint. *Hager v. Hunters Water Dist.*, No. 13-CV-0298-TOR, 2014 U.S. Dist. LEXIS 50007 (E.D. Wash. Apr. 9, 2014).

### IV. **IV. ARGUMENT**

Pursuant to Federal Rule of Civil Procedure 15(a)(2), leave to amend pleadings should be freely given when justice so requires. This rule embodies a broad policy of favoring amendments as a means of securing a just, speedy, and inexpensive determination of every action. *See Foman v. Davis*, 371 U.S. 178, 182 (1962).

In the present case, the discovery obtained and the Deposition of defendants Fairly and Neilson on May 25 and 26, 2023, and Roberta Brozik, conducted on August 23, 2023, revealed new and significant material information that warrants an amendment to the initial complaint. This information further substantiates the Plaintiff's claims and provides a more comprehensive understanding of the facts relevant to the case.

The proposed amendments seek to incorporate this information into the complaint, which would serve the purpose of presenting a completely accurate and detailed

PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT - 3

Matthew T. Macklin
Stratagem Law Group, PLLC
720 Seneca Street
Suite 107 PMB 7
Seattle, WA 98101
253.313.2284– Voice
mtm@stratagemlawgroup.com



representation of the Plaintiff's claims.

Courts generally grant leave to amend unless there is a substantial reason to deny it, such as undue delay, bad faith on the part of the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, or futility of amendment. *See Foman*, 371 U.S. at 182. None of these factors are present in the current case.

The Plaintiff has acted in good faith, and the amendment is neither unduly delayed nor futile. Moreover, the Defendants will not be unduly prejudiced, as the proposed amendments do not introduce new claims but rather provide a more accurate presentation of the existing claims.

As the Ninth Circuit has stated, "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). Therefore, in line with the federal policy favoring resolution of cases on their merits and the principle of liberal application of Rule 15(a)(2), the Plaintiff respectfully requests that the Court grant leave to amend the complaint.

## V.  **V. CONCLUSION**

In consideration of the foregoing, Plaintiff respectfully requests that this Court grant leave to amend the complaint as proposed.

DATED this 1 day of September 2022.

      /s/Matthew T. Macklin  
      Matthew T. Macklin, WSBA 57867  
      Stratagem Law Group, PLLC  
      720 Seneca Street, Suite 107 PMB 7  
      Seattle, WA 98101  
      253.313.2284– Voice  
      mtm@stratagemlawgroup.com

PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT - 4

Matthew T. Macklin  
Stratagem Law Group, PLLC  
720 Seneca Street  
Suite 107 PMB 7  
Seattle, WA 98101  
253.313.2284– Voice  
mtm@stratagemlawgroup.com



Attorney for Plaintiff

PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT - 5

Matthew T. Macklin
Stratagem Law Group, PLLC
720 Seneca Street
Suite 107 PMB 7
Seattle, WA 98101
253.313.2284– Voice
mtm@stratagemlawgroup.com

