FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 11, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| STEPHANIE R RASKIN, an unmarried individual, | No. 2:22-CV-00232-SAB |
| Plaintiff, | |
| v. | **ORDER:** |
| NORTHEAST WASHINGTON ALLIANCE COUNSELING SERVICES, a Stevens County, Washington Agency; STEVENS COUNTY, a Washington State county; MARTHA FAIRLEY, Supervisor, Northeast Washington Alliance Counseling Services; and DAVID NIELSEN, PhD, Executive Director, Northeast Washington Counseling Services, | **DENYING MOTION FOR PROTECTIVE ORDER; GRANTING MOTION TO COMPEL TESTIMONY; GRANTING MOTION TO COMPEL DISCOVERY** |
| Defendants. | |

Before the Court is Plaintiff's Motion for a Protective Order, ECF No. 26, and related Motion to Expedite, ECF No. 38, Defendants' Motion to Compel Complete Discovery Responses, ECF No. 24, and Defendants' Motion to Compel the Deposition Testimony of Plaintiff, ECF No. 27. The motions were considered

**ORDER DENYING MOTION FOR PROTECTIVE ORDER; GRANTING MOTIONS TO COMPEL TESTIMONY AND DISCOVERY # 1**

without oral argument. Plaintiff Ms. Raskin is represented by Matthew Macklin. Defendants Northeast Washington Alliance Counseling Services ("NEWACS"), Stevens County, Ms. Fairley, and Dr. Nielsen, are represented by Michael McFarland, Jr., and Rachel Platin.

## Legal Standard

District courts have "broad discretion to manage discovery and to control the course of litigation." *Hunt v. Cnty. of Orange*, 672 F.3d 606, 616 (9th Cir. 2012) (internal citation omitted). Fed. R. Civ. P. 26(b) establishes the scope of discovery. Federal Rules of Civil Procedure Rule 26(b)(1) defines the scope of discovery. It provides that:

> [p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. . . . **Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence**.

Fed. R. Civ. P. 26(b)(1) (bolding added). Protective orders may be issued under Rule 26(c), provided that "good cause" is shown and to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." The burden is upon the movant to show the necessity of its issuance, which contemplates "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements . . . ." *Id.*; *see also Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002).

## Analysis

Plaintiff asks the Court to sign a drafted Protective Order prohibiting Defendants from deposing Plaintiff on privileged matters, specifically her protected health information. She also requests the Court prohibit Defendants from

ORDER DENYING MOTION FOR PROTECTIVE ORDER; GRANTING MOTIONS TO COMPEL TESTIMONY AND DISCOVERY # 2

making any other discovery requests for privileged medical information not relevant to the case. Finally, she requests a protective order also include a prohibition for Defendants against any more requests for information or copies of material Defendants themselves produced to Plaintiff.

Defendants are seeking discovery of several items from Plaintiff, as identified in their Request for Production Nos. 14–18. This includes Plaintiff's medical records. Defendants also seek to compel the testimony of Plaintiff regarding her medical history.

Plaintiff has not shown good cause for the requested Protective Order. The information requested by Defendants is relevant to Plaintiff's claims because Plaintiff is seeking emotional distress damages based in part on her dispute of Defendants' Return to Work agreement following her medical absence. Bars on such relevant information at the discovery phase unfairly limits Defendants in the defense of their case. Further, the parties are expected to conduct discovery in good faith and consistent with the Federal Rules of Civil Procedure, with particular reference to Rule 1 and Rules 26 – 37, and it is not necessary to enter a separate Protective Order.

After reviewing the Complaint, ECF No. 2–1, the Proposed First Amended Complaint, ECF No. 23–1, each parties' briefs, and the relevant case law, the Court **denies** Plaintiff's request for a Protective Order and **grants** Defendants' Motion to Compel Complete Discovery Responses and Motion to Compel the Testimony of Plaintiff.

### Request for Expenses Under Rule 37

A district court can grant the issuance of attorney's fees pursuant to Fed. R. Civ. P. 37: "[i]f the motion is granted . . . the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. . . ."

**ORDER DENYING MOTION FOR PROTECTIVE ORDER; GRANTING MOTIONS TO COMPEL TESTIMONY AND DISCOVERY # 3**

A court must not order payment of fees if "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(i)–(iii). In construing Rule 37(a)(5), the Ninth Circuit noted that district courts are afforded "great latitude" in imposing sanctions or expenses. *David v. The Hooker, Ltd.*, 560 F.2d 412, 428–29 (9th Cir. 1977).

Defendants request attorney's fees for the present filings, the Motions to Compel Testimony and Discovery. The Court finds Plaintiff's objections not substantially justified; as such, the request for fees is **granted**.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for a Protective Order, ECF No. 26, is **DENIED**. Plaintiff's related Motion to Expedite, ECF No. 38, is **GRANTED**.

2. Defendants' Motion to Compel Complete Discovery Responses, ECF No. 24, is **GRANTED**.

3. Defendants' Motion to Compel Deposition Testimony of Plaintiff, ECF No. 27, is **GRANTED**.

4. Defendant's request for attorney's fees related to their motions is **GRANTED**. A fee request should be filed by **October 27, 2023**.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to file this Order and provide copies to counsel.

**DATED** this 11th day of October 2023.



Stanley A. Bastian
Chief United States District Judge

**ORDER DENYING MOTION FOR PROTECTIVE ORDER; GRANTING MOTIONS TO COMPEL TESTIMONY AND DISCOVERY # 4**