Matthew T. Macklin, WSBA 57867
Stratagem Law Group, PLLC
720 Seneca Street, Suite 107 PMB 7
Seattle, WA 98101
253.313.2284– Voice
mtm@stratagemlawgroup.com
Attorney for Plaintiff

The Honorable Stanley A. Bastian

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 18, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| **STEPHANIE R. RASKIN**, an unmarried individual,<br><br>Plaintiff,<br><br>vs.<br><br>**NORTHEAST WASHINGTON ALLIANCE COUNSELING SERVICES**, a Steven's County, Washington agency; **STEVENS COUNTY**, a Washington state county; **MARTHA FAIRLEY,** Supervisor, Northeast Washington Alliance Counseling Services; **DAVID NIELSEN,** Executive Director, Northeast Washington Alliance Counseling Services,<br><br>Defendants. | NO. 22:22-CV-232-SAB<br><br>**SECOND AMENDED COMPLAINT** |

Plaintiff, STEPHANIE R. RASKIN, an unmarried individual, ("Plaintiff"), by and through her attorney, Matthew T. Macklin, Stratagem Law Group, hereby alleges as follows:

**PRELIMINARY STATEMENT**

1. This action seeks declaratory, injunctive, and equitable relief, as well as monetary

SECOND AMENDED COMPLAINT - 1

Matthew T. Macklin
Stratagem Law Group, PLLC
720 Seneca Street
Suite 107 PMB 7
Seattle, WA 98101
253.313.2284
mtm@stratagemlawgroup.com



1. damages, to redress Defendant's violations of the Americans with Disability Act (ADA) 42 USC § 12132 et seq., as well as the Washington Law Against Discrimination (WLAD) RCW 49.60.210, violation of the Family Medical Leave Act 29 CFR § 825.220, failure to investigate Plaintiff's complaint of sexual harassment, and violation of Plaintiffs Washington Constitutional rights.

2. Specifically, Defendant violated these various statutes through a series of distinct and ongoing violations based upon Plaintiff's disability, further described below.

3. Defendant's unlawful conduct was knowing, malicious, willful, wanton, or showed a reckless disregard for Plaintiff's protected rights, which has caused and continues to cause Plaintiff to suffer substantial economic and non-economic damages.

4. Plaintiff timely filed a complaint with the EEOC and Washington Commission Against Discrimination before the expiration of time limits but did not receive a response.

### I.    PARTIES

1. Plaintiff STEPHANIE R. RASKIN is an unmarried individual residing at 4710 40th Avenue SW, Apartment N-442, Seattle, Washington 98116.

2. Defendants include NORTHEAST WASHINGTON ALLIANCE COUNSELING SERVICES, a Steven's County, Washington agency located at 165 East Hawthorne Avenue, Colville, Washington 99114. This agency is a federal contractor contracted with the Centers for Medicare and Medicaid Services.

3. Defendant, STEVENS COUNTY, is a Washington state county with its County Auditor's office and its registered agent at 215 South Oak Street, Room 106, Colville, Washington 99114.

4. Defendant MARTHA FAIRLEY is an individual who serves as a supervisor for

Matthew T. Macklin
Stratagem Law Group, PLLC
720 Seneca Street
Suite 107 PMB 7
Seattle, WA 98101
253.313.2284
mtm@stratagemlawgroup.com

SECOND AMENDED COMPLAINT - 2



1  Defendant Northeast Washington Alliance Counseling Services at 165 East
2  Hawthorne Avenue, Colville, Washington 99114.

3  5. Defendant, DAVID NIELSEN, is an individual whose marital status is unknown and
4  who also serves as a supervisor and Executive Director for Defendant Northeast
5  Washington Alliance Counseling Services at t165 East Hawthorne Avenue, Colville,
6  Washington 99114.

## II. JURISDICTION AND VENUE

8  6. Plaintiff realleges and incorporates by reference all preceding paragraphs.

9  7. Plaintiff STEPHANIE R. RASKIN and Defendant NORTHEAST WASHINGTON
   ALLIANCE COUNSELING SERVICES entered into an employment arrangement
   on or about October 5, 2017, in Stevens County as an hourly non-exempt employee
   of Defendants Stephens County through Northeast Washington Alliance Counseling
   Services.

14 8. Plaintiff was a resident of Stevens County, Washington, at the time of her
   employment.

16 9. Defendant, NEWASS, is a Stevens County agency.

17 10. Defendant, STEVENS COUNTY, is a Washington state county.

18 11. Defendant MARTHA FAIRLEY is a Supervisor for Defendant Northeast
   Washington Alliance Counseling Services and Plaintiff's former supervisor.

20 12. Defendant DAVID NIELSEN is the Executive Director for Defendant Northeast
   Washington Alliance Counseling Services and Plaintiff's former supervisor.

22 13. The jurisdiction of this Court is proper under 28 USC 1331. Defendants' acts violate
   federal laws, including the Americans with Disabilities Act, Rehabilitation Act, and
   other federal statutes.

Matthew T. Macklin
Stratagem Law Group, PLLC
720 Seneca Street
Suite 107 PMB 7
Seattle, WA 98101
253.313.2284
mtm@stratagemlawgroup.com

SECOND AMENDED COMPLAINT - 3



14. This venue is proper in the Eastern District of Washington because Defendants' acts occurred in Stephens County, Washington, and also include violations of the Washington Law Against Discrimination.

### III. FACTS

15. Plaintiff realleges and incorporates by reference all preceding paragraphs.

16. On or about July 11, 2017, Plaintiff and Defendant Northeast Washington Alliance Counseling Services (hereinafter "NEWACS") entered into an employment contract wherein Plaintiff was hired as a Certified Peer Counselor, paid hourly as a non-exempt employee. (Exhibit 1).

17. As a condition for employment, NEWACS "Certified Peer Counselors" are required, among other things, to be a current or previous consumers of mental health services.

18. Defendants were aware of Plaintiff's mental health consumption at the time of hire, knowing of her actual disability, and or was regarded as a person with a disability.

19. Before Plaintiff's employment with NWACS, she had been diagnosed with bipolar disorder, PTSD, anxiety, and later ADHD. (Exhibit 2).

20. Plaintiff has never displayed symptoms of her diagnosis while on duty or in a way that has substantially affected her work.

21. Plaintiff has always performed her work as required.

22. Plaintiff's job duties were to "provide inpatient evaluation and treatment services 24 hours per day, 7 days per week for people with acute symptoms of a mental disorder. 'Services will include evaluation, stabilization, and integrated treatment provided by or under the direction of licensed psychiatrists, nurses, and other behavioral health professionals, and/or Certified Nursing Assistants (CNA)." (Exhibit 3).

23. Plaintiff's Agency Employee Number was 739 while employed with Defendant

Matthew T. Macklin
Stratagem Law Group, PLLC
720 Seneca Street
Suite 107 PMB 7
Seattle, WA 98101
253.313.2284
mtm@stratagemlawgroup.com

SECOND AMENDED COMPLAINT - 4



NEWACS. *Id*.

24. During Plaintiff's employment, her most recent supervisor was Defendant Martha Fairley.

25. During Plaintiff's tenure of employment with Defendant NEWACS, she had approximately eight (8) different supervisors due to employee turnover.

26. Plaintiff received above-average performance reviews from 3 different supervisors over 3-year periods, including one conducted in the fall of 2019. (Exhibit 4).

27. Plaintiff's performance reviews noted one consistent concern: the overuse or exhaustion of paid time off (PTO). *Id*.

28. Plaintiff's reviews cited frequent "sudden use of PTO" as a concern. *Id*.

29. Throughout her employment, including during performance reviews and during instances or times where time off was needed to manage her mental health, Plaintiff overtly indicated her need for accommodation to her supervisors. *Id*.

30. Defendants did not respond with any accommodations for her disability other than "encouraging" Plaintiff to "plan ahead." *Id*. at 18.

31. NEWACS was aware of potential Family Medical Leave Act eligibility, at least from performance reviews and supervisor observations, but did not inquire, offer, or provide information to Plaintiff.

32. In December 2018, Plaintiff sought help from medical providers for her worsening PTSD and depression but could not secure the care needed.

33. On February 12, 2019, Plaintiff was hospitalized for worsened PTSD and depression.

34. On Plaintiff's return to her employment with Defendant Northeast Washington Alliance Counseling Services, Plaintiff was required to submit to a conditional

Matthew T. Macklin
Stratagem Law Group, PLLC
720 Seneca Street
Suite 107 PMB 7
Seattle, WA 98101
253.313.2284
mtm@stratagemlawgroup.com

SECOND AMENDED COMPLAINT - 5



agreement. (Exhibit 2).

35. NEWACS has no policy to issue such an agreement for any reason.

36. NEWACS consulted an outside agency for drafting the "Return to Work Agreement."

37. NEWACS had never issued such a return-to-work requirement since at least the current executive director has been in his position since the mid-00s.

38. NEWACS has not issued such an agreement as the return-to-work agreement since February 26, 2019.

39. NEWACS has no current policy for "Return to Work Agreements."

40. Plaintiff had no documented disciplinary action, adverse employment events, or specific education until NEWACS official Nielson required Plaintiff to consent to unlawful demands in a mandatory "Return to Work Agreement." *Id*.

41. The "Return to Work" agreement issued February 26, 2019, required Plaintiff to agree as "a condition of resuming and continuing [] employment at NEWACS as a certified peer counselor" the following: "[Plaintiff] must…" *Id.*

   a. "[E]nroll in, attend mental health treatment appointments, follow the treatment recommendations, and cooperate with mental health treatment from a licensed, behavioral health treatment agency, or an approved, behavioral health clinician for no less than six months," *Id.*

   b. "[E]nroll in, attend psychiatric medication, management, treatment appointments, follow the treatment recommendations, and cooperate with psychiatric medication management treatment from a licensed, behavioral health prescriber for no less than six months." *Id.*

   c. "[A]llow the *free release* of information between your mental health

Matthew T. Macklin
Stratagem Law Group, PLLC
720 Seneca Street
Suite 107 PMB 7
Seattle, WA 98101
253.313.2284
mtm@stratagemlawgroup.com

SECOND AMENDED COMPLAINT - 6



clinician, your psychiatric medication, management, prescriber, and the NEWACS Personnel Specialist [Roberta Brozik, non-clinician] and Executive Director [David Neilson] to monitor your treatment progression and ensure your ongoing ability to perform your assigned job duties without restrictions. NEWACS will consult with your mental health treatment provider and psychiatric medication prescriber no less than once per month from March through August 2019 to monitor your treatment participation and ongoing ability to engage in your assigned duties at NEWACS without *further* restrictions." *Id.* [emphasis added].

42. The "Return to Work Agreement" stipulated that "At the conclusion of the six-month monitoring. (On or around August 31, 2019), NEWACS will conduct an evaluation to determine whether this quote return to work agreement "requires renewal, modification, or conclusion. *Id.*

43. No evaluation, as stipulated in paragraph 22 of Exhibit 2, occurred at any time. Plaintiff was told she had not been on probation. (Exhibit 5).

44. Plaintiff's continued employment was dependent on signing the return-to-work agreement.

45. Had Plaintiff "elect[ed] NOT to enter into this agreement or should [Plaintiff] withdraw [Plaintiff's] agreement before the end of the six-month monitoring period described above, NEWACS *will* initiate procedures to determine whether a 'Fitness for Duty, Separation of Employment' shall occur." Exhibit 2, at 2 [*emphasis added*].

46. Plaintiff indicated that she would be managing care herself and would need time to coordinate, given the limited access to qualified mental health providers in the immediate community. Plaintiff's finding appropriate providers was compounded by

Matthew T. Macklin
Stratagem Law Group, PLLC
720 Seneca Street
Suite 107 PMB 7
Seattle, WA 98101
253.313.2284
mtm@stratagemlawgroup.com

SECOND AMENDED COMPLAINT - 7



Plaintiff's unwillingness to establish mental health care with colleagues or associates of NEWACS.

47. NEWACS did not provide information for, discuss, or offer FMLA information to Plaintiff at any time before the February 26, 2019, unlawful conditional employment agreement meeting.

48. NEWACS finally notified Plaintiff of FMLA eligibility on August 20, 2020. (Exhibit 6).

49. The discriminatory agreement began a series of discriminatory practices by NEWACS fueled by Plaintiff's disability and were retaliatory for Plaintiff's reporting other misconduct within NEWACS.

50. On November 30, 2019, Plaintiff reported sexual harassment by a case manager directly to NEWACS Executive Director David Neilson via email, without response from him.

51. On December 9, 2019, Plaintiff sent a second email reporting sexual harassment to both the NEWACS Executive Director David Neilson and her direct supervisor Analise Pond via email with screenshots of text messages that included the inappropriate behavior.

52. NEWACS Management failed to conduct or make plaintiff aware of any investigation or ensure employee, patient, and client safety surrounding the substantiated allegations of sexual harassment.

53. NEWACS supervisor Analise Pond's follow-up to Plaintiff's sexual harassment complaint on or around the next day, December 10, 2019, stating she told Plaintiff "to let [Pond] know if [sexual harassment] happens again." In an email to NEWACS Executive Director and HR Specialists. Exhibit 2, Email thread RE: Sexual

Matthew T. Macklin
Stratagem Law Group, PLLC
720 Seneca Street
Suite 107 PMB 7
Seattle, WA 98101
253.313.2284
mtm@stratagemlawgroup.com

SECOND AMENDED COMPLAINT - 8



Harassment 11.30.19. (Exhibit 7).

54. No follow-up to the allegation was made to Plaintiff regarding her reports of sexual harassment by a male case manager employed by NEWACS.

55. Immediately following Plaintiff's complaint of sexual harassment, Defendants subjected Plaintiff to disciplinary action for alleged violations of agency policy. However, the policies cited in the corrective actions were neither appropriate nor identified the alleged violations. (Exhibit 8).

56. NEWACS has no history of educating Plaintiff or other staff on the violations Plaintiff alleged to have breached.

57. NEWACS management has no knowledge of the alleged policy violations being identified by any NEWACS policy, being taught through any agency in-service, or being enforced against other staff before, contemporaneously, or after Plaintiff's disciplinary action.

## IV. CAUSES OF ACTION

### A. FIRST CAUSE OF ACTION – AMERICANS WITH DISABILITIES ACT (ADA) VIOLATION

58. Plaintiff realleges and incorporates by reference all preceding paragraphs.

59. Defendants, in their capacities as employers and supervisors, have discriminated against Plaintiff based on her known mental health condition.

60. Defendants were aware of Plaintiff's mental health disability at the time of employment, as evidenced by the requirement for "Certified Peer Counselors" to be a current or previous consumer of mental health services.

61. Despite this awareness, Defendants subjected Plaintiff to discriminatory employment conditions, such as imposing an unlawful conditional employment

Matthew T. Macklin
Stratagem Law Group, PLLC
720 Seneca Street
Suite 107 PMB 7
Seattle, WA 98101
253.313.2284
mtm@stratagemlawgroup.com

SECOND AMENDED COMPLAINT - 9



agreement requiring her to participate in involuntary counseling services.

62. These actions constituted disparate treatment of Plaintiff due to her disability, violating the ADA.

63. Furthermore, Defendants failed to provide reasonable accommodation for Plaintiff's disability, an essential requirement under the ADA.

64. Despite Plaintiff's apparent need for accommodation, as evidenced by their requirement for counseling services, Defendants did not engage in any interactive process to determine suitable accommodations for Plaintiff.

65. As a result of Defendants' discriminatory practices and failure to provide reasonable accommodations, Plaintiff has suffered and continues to suffer substantial harm, including emotional distress, loss of dignity, and economic damages.

66. These actions by Defendants constitute violations of the Americans with Disabilities Act (ADA) 42 USC § 12132 et seq, which prohibits discrimination on the basis of disability and requires employers to provide reasonable accommodations for employees with disabilities.

**B. SECOND CAUSE OF ACTION – REHABILITATION ACT VIOLATION**

67. Plaintiff realleges and incorporates by reference all preceding paragraphs.

68. Defendants, acting in their capacity as employers, have knowingly and systematically discriminated against Plaintiff. Defendants' discrimination is based on Plaintiff's known mental health condition, a disability recognized under the Rehabilitation Act.

69. Defendants have failed to fulfill their obligations under the Rehabilitation Act by failing to engage in a required process to identify and provide reasonable accommodation for Plaintiff's disability.

Matthew T. Macklin
Stratagem Law Group, PLLC
720 Seneca Street
Suite 107 PMB 7
Seattle, WA 98101
253.313.2284
mtm@stratagemlawgroup.com

SECOND AMENDED COMPLAINT - 10



70. Despite being fully aware of Plaintiff's mental health disability and the resulting need for accommodation, Defendants did not initiate or engage in any interactive process to identify or provide appropriate accommodations for Plaintiff.

71. As a result, Defendants subjected Plaintiff. to discriminatory and unequal terms of employment.

72. This failure to provide reasonable accommodation and the resulting discrimination has caused and continues to cause substantial harm to Plaintiff, including emotional distress, loss of dignity, and economic damages.

73. These actions and failures by Defendants constitute violations of the Rehabilitation Act, which mandates non-discrimination on the basis of disability in programs that receive federal financial assistance and imposes obligations on employers to provide reasonable accommodations for employees with disabilities.

## C. THIRD CAUSE OF ACTION – HOSTILE WORK ENVIRONMENT

74. Plaintiff realleges and incorporates by reference all preceding paragraphs.

75. Defendants, in their capacities as employers and supervisors, have created and maintained a work environment that was permeated with discriminatory intimidation, ridicule, and insult.

76. This environment was severe and pervasive enough to alter the conditions of Plaintiff's employment and create an abusive working environment.

77. Defendants continuously subjected Plaintiff to disparate and unfair treatment, including but not limited to violating Plaintiff's privacy and constitutional rights and imposing unwarranted and unequal disciplinary actions.

78. These actions were directly linked to Plaintiff's known mental health condition, further contributing to a hostile work environment.

Matthew T. Macklin
Stratagem Law Group, PLLC
720 Seneca Street
Suite 107 PMB 7
Seattle, WA 98101
253.313.2284
mtm@stratagemlawgroup.com

SECOND AMENDED COMPLAINT - 11



79. Such conduct by Defendants constitutes a violation of both federal and state laws that protect employees from hostile work environments, including but not limited to the Americans with Disabilities Act (ADA) and the Washington Law Against Discrimination (WLAD).

80. Due to Defendants' actions, Plaintiff has suffered and continues to suffer significant harm, including emotional distress, loss of dignity, and economic damages.

### D. FOURTH CAUSE OF ACTION – VIOLATION OF THE WASHINGTON LAW AGAINST DISCRIMINATION (WLAD)

81. Plaintiff realleges and incorporates by reference all preceding paragraphs.

82. Defendants have retaliated against Plaintiff under RCW 49.60.210 for making a sexual harassment complaint against a male case manager at NEWACS, which they did not investigate.

83. Defendants have discriminated against Plaintiff based on Plaintiff's mental health disability, which has caused damage to Plaintiff as a result.

84. **FIFTH CAUSE OF ACTION—RETALIATION AGAINST WHISTLEBLOWER**

85. Plaintiff incorporates by reference all preceding paragraphs.

86. Defendants have violated the Washington Law Against Discrimination (WLAD) under RCW 49.60.210 by engaging in retaliatory actions against the Plaintiff.

87. Specifically, Plaintiff engaged in protected activity by reporting a sexual harassment incident involving a male case manager at Northeast Washington Alliance Counseling Services (NEWACS) to her superiors on November 30, 2019, and December 9, 2019.

88. Plaintiff also opposed the imposition of an unlawful "return to work agreement" in

Matthew T. Macklin
Stratagem Law Group, PLLC
720 Seneca Street
Suite 107 PMB 7
Seattle, WA 98101
253.313.2284
mtm@stratagemlawgroup.com

SECOND AMENDED COMPLAINT - 12



or around March 2020 when brought to her attention by colleagues.

89. Defendants, fully aware of Plaintiff's report and opposition, subsequently engaged in adverse employment actions against Plaintiff.

90. These actions included unfair treatment, including but not limited to violating Plaintiff's privacy and constitutional rights, imposing unwarranted and unequal disciplinary actions, hostility and retaliation when requesting FMLA leave, and disclosing her personal health information and "return to work agreement" contents to unauthorized persons, etc.

91. These adverse actions were directly linked to Plaintiff's report and opposition, demonstrating a causal connection between the protected activity and the adverse employment actions.

92. As a direct result of Defendants' retaliatory actions, Plaintiff has suffered and continues to suffer substantial harm, including emotional distress, loss of dignity, and economic damages. Such actions by the Defendants constitute violations of the WLAD's provisions against retaliation.

93. **SIXTH CAUSE OF ACTION – FAILURE TO INVESTIGATE SEXUAL HARASSMENT**

94. Plaintiff incorporates by reference all preceding paragraphs.

95. Defendants failed in their duty to investigate Plaintiff's report of sexual harassment involving a male case manager at Northeast Washington Alliance Counseling Services (NEWACS).

96. Despite Plaintiff's clear communication of the incident to Defendants, they did not initiate an adequate investigation or take appropriate action to address the complaint.

97. Such failure to investigate is contrary to both federal and state laws that obligate

Matthew T. Macklin
Stratagem Law Group, PLLC
720 Seneca Street
Suite 107 PMB 7
Seattle, WA 98101
253.313.2284
mtm@stratagemlawgroup.com

SECOND AMENDED COMPLAINT - 13



employers to take immediate and appropriate action when they become aware of potential sexual harassment in the workplace.

98. Defendants' negligence further constitutes a breach of the reasonable care employers are required to exercise in order to maintain a safe, respectful, and non-hostile work environment.

99. Due to Defendants' failure to investigate sexual harassment, Plaintiff has suffered and continues to suffer harm, including emotional distress, loss of dignity, and economic damages, as well as continued exposure to a hostile work environment.

### E. EIGHTH CAUSE OF ACTION – VIOLATION OF WASHINGTON CONSTITUTION ARTICLE I, SECTION 7

100. Plaintiff incorporates by reference all preceding paragraphs.

101. Defendants, in their capacity as the Plaintiff's employers and supervisors, have unreasonably intruded into the Plaintiff's private affairs without the authority of law.

102. Defendants, while aware of Plaintiff's mental health condition, a private and sensitive matter, unreasonably leveraged this information to impose discriminatory employment conditions.

103. Specifically, Defendants imposed an unlawful conditional employment agreement on Plaintiff, requiring her to participate in involuntary counseling services as a condition of her continued employment.

104. This action by Defendants represents an unwarranted invasion of Plaintiff's private affairs.

105. Defendants failed to adequately respond to or investigate Plaintiff's report of sexual harassment, thereby allowing an intrusion into her personal dignity and causing emotional distress.

Matthew T. Macklin
Stratagem Law Group, PLLC
720 Seneca Street
Suite 107 PMB 7
Seattle, WA 98101
253.313.2284
mtm@stratagemlawgroup.com



106. This neglect by Defendants further intrudes into Plaintiff's private affairs, violating her right to privacy and dignity at her workplace.

107. By these actions, Defendants have violated Article I, Section 7 of the Washington Constitution, which provides that "No person shall be disturbed in his private affairs, or his home invaded, without authority of law." As a result of these violations, Plaintiff has suffered and continues to suffer damages.

## V.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff, STEPHANIE R. RASKIN, prays for judgment against Defendants, NORTHEAST WASHINGTON ALLIANCE COUNSELING SERVICES, STEVENS COUNTY, MARTHA FAIRLEY, and DAVID NIELSEN, and requests the following relief:

1. A declaration that the actions and conduct of Defendants violated the Americans with Disability Act (ADA), the Rehabilitation Act, and the Washington Law Against Discrimination (WLAD).

2. An injunction permanently restraining Defendants from continuing the unlawful practices complained of herein and requiring Defendants to take affirmative actions to correct for the effects of their unlawful practices.

3. 3. Back pay, front pay, and lost benefits, including but not limited to lost wages and future earnings, with interest, for Defendants' unlawful conduct.

4. Compensatory damages in an amount to be determined at trial to compensate Plaintiff for her physical, mental, and emotional injuries, including pain and suffering, caused by Defendants' unlawful conduct.

5. Punitive damages in an amount sufficient to punish Defendants for their willful, wanton, and reckless conduct and to deter Defendants from engaging in similar

Matthew T. Macklin
Stratagem Law Group, PLLC
720 Seneca Street
Suite 107 PMB 7
Seattle, WA 98101
253.313.2284
mtm@stratagemlawgroup.com

SECOND AMENDED COMPLAINT - 15



conduct in the future insomuch as they are available by law.

6. Reasonable attorney's fees, expert witness fees, and costs incurred in bringing this action pursuant to the ADA, the Rehabilitation Act, and the WLAD.

7. Pre-judgment and post-judgment interest as permitted by law.

8. For leave to amend this Complaint to add additional claims, if necessary, as discovery progresses or to conform to the proof at trial.

9. Such other and further relief as this Court deems just, equitable, and appropriate under the circumstances.

DATED this 9 day of November 2023

_____
Matthew T. Macklin, WSBA 57867
Stratagem Law Group, PLLC
720 Seneca Street, Suite 107 PMB 7
Seattle, WA 98101
253.313.2284– Voice
mtm@stratagemlawgroup.com

Attorney for Plaintiff

SECOND AMENDED COMPLAINT - 16

Matthew T. Macklin
Stratagem Law Group, PLLC
720 Seneca Street
Suite 107 PMB 7
Seattle, WA 98101
253.313.2284
mtm@stratagemlawgroup.com

